[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON MOTION FOR DEFAULT # 130
The plaintiff, David Royce, has filed a total of three requests to revise the answer of the defendants, Willowbrook Cemetery Association, et al. The third request to revise was filed by the plaintiff while the objection to the second request to revise was still pending. Ultimately, the court sustained the defendants' objection to the first two requests to revise.
The defendants, however, have not filed an objection to the third request to revise. Under Practice Book § 149, now Practice Book (1998 Rev.) § 10-37, a request to revise is granted automatically if not objected to within thirty days. The plaintiff moves for default on the ground that the third request to revise was automatically granted and that the defendants have, since then, failed to respond to the request to revise its CT Page 6191 answers.
The granting or denial of a motion for default is a discretionary matter. McLaughlin v. Bronson, 206 Conn. 267, 275,537 A.2d 1004 (1988). Under the circumstances of this case, the granting of the motion for default would be tantamount to extolling procedure over the merits of the case. The plaintiff has previously filed two lengthy and confusing requests to revise. The defendants' objections to both of these were sustained. The third request to revise, which is very similar to the second request to revise, was filed by plaintiff while the second request to revise was still pending. The pending request to revise was not withdrawn. Under the circumstances, the defendants are not in default. See Swetz v. Swetz, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 261547 (July 17, 1990, Thim, J.).
Even though the Practice Book provides that the failure to object to a request to revise results in an automatic granting of the request to revise, the court will grant the defendants a three week time span from this date in which to file an objection to the request to revise. See Grant v. State, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 511583 (October 11, 1994, Norko, J.). The circumstances of the case suggest that injustice may result to the defendants if a motion for default is granted against them. This is particularly true when one takes into account the fact that co-counsel for the defendants is an out-of-state attorney, admitted pro hac vice, who may be unfamiliar with the oftentimes harsh dictates of the Practice Book.
The motion for default is denied.
STODOLINK. J.